**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

LUIS ALBERTO SUAREZ,

*Petitioner,*

v.

JOHN ASHCROFT, Attorney General,

*Respondent.*

No. 02-1813

On Petition for Review of an Order of the
Board of Immigration Appeals.
(A42-795-997)

Submitted: June 17, 2003

Decided: July 10, 2003

Before WIDENER, NIEMEYER, and TRAXLER, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

## COUNSEL

Jay S. Marks, MARKS & KATZ, L.L.C., Silver Spring, Maryland, for Petitioner. Robert D. McCallum, Jr., Assistant Attorney General, Emily Anne Radford, Assistant Director, Papu Sandhu, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Luis Suarez, born in Lima, Peru, in 1980, entered the United States as a lawful permanent resident in 1990. His parents were married in the District of Columbia in 1987; his mother became a naturalized United States citizen in 1996.

In 1998, Suarez was convicted in Maryland state court of attempted armed carjacking, and was sentenced to ten years imprisonment with six years suspended. The Immigration and Naturalization Service[1] served Suarez with a notice to appear, alleging that he was subject to removal as an aggravated felon pursuant to 8 U.S.C. § 1127(a)(2)(A)(iii) (2000). Suarez filed an application for citizenship, arguing that he had acquired derivative United States citizenship upon his mother's naturalization, in accordance with 8 U.S.C. § 1432(a)(3) (1994).[2] This argument was rejected in administrative proceedings on the ground that there had been no legal separation of Suarez's parents, as required under the statute. The immigration judge and the Board of Immigration Appeals thus concluded that Suarez was an alien removable for having been convicted of an aggravated felony.

Because Suarez is removable as an aggravated felon under 8

---

[1]The Immigration and Naturalization Service ceased to exist as an independent agency within the Department of Justice and its functions were transferred to the newly formed Department of Homeland Security on March 1, 2003.

[2]Section 1432, 8 U.S.C., was repealed by Section 103 of the Child Citizenship Act of 2000, Pub. L. No. 106-395, 114 Stat. 1631, 1632-33 (2000). Suarez reached the age of 18 in 1998, before enactment of the 2000 Act, and its provisions do not apply retroactively. *See Hughes v. Ashcroft*, 255 F.3d 752, 758-60 (9th Cir. 2001).

U.S.C. § 1127(a)(2)(A)(iii), this court does not have jurisdiction to review the Board's ruling. 8 U.S.C. § 1252(a)(2)(C) (2000). However, under *Lewis v. INS*, 194 F.3d 539, 541-42 (4th Cir. 1999), we have jurisdiction to determine whether the jurisdictional facts precluding review are present. In doing so, we assess: (1) whether Suarez is an alien; and (2) whether he has committed an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(B) (2000). Suarez admits that he committed a qualifying aggravated felony. Therefore, the only issue before us is whether Suarez is an alien or whether he is a United States citizen, as he claims.

We conclude that, under § 1432(a)(3), the term "legal separation" means a judicial separation. *See Nehme v. INS*, 252 F.3d 415, 426 (5th Cir. 2001). Suarez's parents had no judicially sanctioned separation. Thus, we agree with the Attorney General that Suarez did not acquire derivative citizenship upon his mother's naturalization, and therefore remains an alien. As we find Suarez to be an alien convicted of an aggravated felony, we are without jurisdiction to review the decision of the Board. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*PETITION DENIED*